FREDERICK A. MARKER, JR., *vs.* CHARLES HANRATTY.

1. ASSAULT AND BATTERY—CIVIL LIABILITY—IN GENERAL.

An "assault" is an unlawful attempt to do violence to the person of another, with the means at hand of carrying the attempt into execution; and a "battery" is the unlawful commission or execution of such violence.

2. ASSAULT AND BATTERY—CIVIL LIABILITY—SELF-DEFENSE.

A person may defend himself from assault by sufficient force to protect himself from bodily harm, using such force, if necessary, even before his assailant actually commits a battery upon him.

3. ASSAULT AND BATTERY—CIVIL LIABILITY—SELF-DEFENSE.

If one assaulted uses more force than is necessary to protect himself, or follows up his assailant and attacks him when retreating, he is not justified by the right of self-defense, but is a wrongdoer.

(*May* 17, 1916.)

Judges RICE and HEISEL sitting.
*Levin Irving Handy* and *Wilbur L. Adams* for plaintiff.
*Daniel O. Hastings* and *Ayres J. Stockly* for defendant.
Superior Court, New Castle County, May Term, 1916.

Summons Case No. 91, November Term, 1915.

Action of trespass by Frederick A. Marker, Jr., against Charles Hanratty for assault and battery, alleged to have been perpetrated June 21, 1915. Verdict for plaintiff.

The plaintiff contended that the defendant did, on June 21, 1915, at Kenton Hundred, strike, beat and bruise him without justification or legal excuse. The defendant on the other hand contended that while he was sitting in his dearborn along the public road talking with one P., the plaintiff passed by and accosted him, and thereupon angry words passed between the two over a petition to which the plaintiff was obtaining signatures for the opening of a public road through the property of defendant. That the plaintiff struck at the defendant while the latter was still sitting in his vehicle, and thereupon the defendant jumped to the ground and scuffled with the plaintiff, and that he, the defendant, did no more than use sufficient force to repel the assault made upon him by the plaintiff in order to protect himself from bodily harm.

Rice, J., charged the jury: ·

[1] An assault is an unlawful attempt to do violence to the person of another, with the means at hand of carrying the attempt into execution, and a battery is the unlawful commission or execution of such violence.

[2, 3] Whenever a person is assaulted by another, he has the right to defend himself, and may use sufficient force to repel the assault in order to protect himself from bodily harm, and when necessary to protect himself from bodily harm at the hands of an assailant, the person assaulted may use necessary force in repelling the assault even before the assailant actually commits a battery upon him. But the resistance must be no more than is necessary to accomplish this. If it be greater than is required for such purpose it becomes in law excessive and without excuse or justification, making the party a wrongdoer from the beginning. Nor can a person when assaulted follow up his assailant and attack him when in the act of retiring or retreating from the scene of the affray; such a course would not be in self-defense or justifiable on any ground.

Verdict for plaintiff.